D. W. MORAN, *Sheriff, et al., Appellants,* v. CHARLES LeJUNE, *Appellee.*

Opinion filed December 19, 1919.

1. Under Section 1, Chapter 6515, Acts of 1913, oranges and grapefruit that show an average on the trees of one-half color, indicating ripeness, shall be deemed to be mature and fit for consumption, and may be shipped or sold without being submitted to the acid test provided for in the statute.

2. Where the fruit do not show an average on the trees of one-half color, indicating ripeness, the acid test provided for in the statute, may be made, and oranges or grapefruit that contain less than 1.30% and 1.75% respectively, of acid calculated as crystallized citric acid are considered mature.

3. The primary test of maturity provided for by the statute is color. The acid test is a secondary one, not required where the oranges or grapefruit show an average on the trees of one-half color, indicating ripeness. When they meet the color test they will be deemed mature and fit for consumption, and may be shipped or sold without being submitted to the acid test.

An Appeal from the Circuit Court for Dade County, H. Pierre Branning, Judge.

Judgment affirmed.

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for Appellants.

*Price & Price,* for Appellee.

BROWNE, C. J.—This is an appeal by D. W. Moran, Sheriff of Dade County, and others from orders overruling a demurrer to a bill for injunction, and denying the motion of the defendant for dissolution of a temporary injuction issued by the Judge of the Eleventh Circuit.

It appears from the bill that the appellee, the complainant below, is a large grower of citrus fruits in Dade County, and that he undertook to ship 596 boxes of grapefruit that showed an average on the trees of more than one-half color, indicating ripeness; that one C. A. Johnson, a citrus fruit inspector, tested one crate of second grade fruit, out of a car containing 372 crates, and a number of grapefruit from a pile which had not been placed in crates or boxes and were not ready for shipment; and that upon a chemical test he reported that they fell below the requirement of the statute, and thereupon Sheriff Moran seized the fruit as immature under the laws of Florida.

The appellee sought to recover the fruit by an action of replevin, but the Circuit Judge held that replevin was not the proper remedy, whereupon he applied for and obtained a temporary injunction, enjoining and restraining D. W. Moran, Sheriff of Dade County; R. E. Rose, State Chemist; C. E. Johnson, Acting Fruit Inspector; and W. A. McRae, Commissioner of Agriculture, from withholding and preventing the complainant from shipping the grapefruit, and from in any way interfering or meddling with the transportation and sale thereof.

The proper disposition of this case involves the consideration of Section 1, Chapter 6515, Acts of 1913, which is as follows:

"That from the first day of September, until the fifth day of November of each year, all oranges, the juice of which contains 1.30% or more by weight of acid, calculated as crystallized citric acid, shall be considered immature and unfit for consumption; that all grapefruit, the juice of which shall contain more than 1.75% by weight of acid, calculated as crystallized citric acid, shall be considered as immature and unfit for consumption. That oranges or grapefruit that contain less than 1.30% and 1.75% respectively, of acid calculated as crystallized citric acid, shall be considered mature: Provided, That oranges or grapefruit showing an average on the trees of one-half color, indicating ripeness, shall be deemed to be mature and fit for consumption, and may be shipped or sold without first being submitted to the acid test provided for in this Act."

It appears from the allegations of the bill and the affidavits presented to the court, that the grapefruit seized by the Sheriff showed an average on the trees of more than one-half color.

It is claimed by the State that the color test is secondary to the acid test, and no matter if the fruit on the trees show nature's proof of ripeness that they shall not be shipped if they do not come up to the acid test prescribed by the statute.

On the other hand the appellee contends that the primary test is color, and if in the language of the statute the fruit show "an average on the trees of one-half color, indicating ripeness," they "shall be deemed to be mature and fit for consumption, and may be shipped or sold without first being submitted to the acid test provided for in this Act."

The language of the proviso makes quite plain the legislative intent, and does not warrant or require construction, as would be the case if there were any doubt in our minds derived from the language used as to its meaning.

There are few instances where nature does not indicate maturity by color, and the legislature in effect said that when nature has performed one-half of her process, it should be accepted as conclusive of ripeness. At the same time the legislature recognized another condition that nature some times delays the application of her paint brush until after the fruit are fit for consumption, and gave the grower an opportunity to show that condition by the acid test provided for in the statute. In other words the legislature said "when nature proclaims the maturity of the crop, we will accept her mute demonstration, and when she remains silent, we will permit the shipper to prove by another test that the fruit is mature and fit for consumption."

This is the view taken by the chancellor upon which he based his orders overruling the demurrer and denying the motion to dissolve the injunction, of which we fully approve.

The judgment is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.